UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| KEVIN JOEL WARREN, ) | |
| ) | Case Nos. 4:15-cr-10; 4:17-cv-60 |
| *Petitioner* ) | |
| ) | Judge Mattice |
| v. ) | |
| ) | Magistrate Judge Lee |
| UNITED STATES, ) | |
| ) | |
| *Respondent* ) | |

## MEMORANDUM OPINION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by federal inmate Kevin Warren [Case No. 4:15-cr-10, Crim. Doc. 39; Case No. 4:17-cv-60, Doc. 1]. As ordered, the Government has filed a response to the Motion. [Doc. 3]. Warren sought and was granted an extension of time in which to file a reply [Doc. 5], but did not do so. Having considered the pleadings and the record, along with the relevant law, the Court finds there is no need for an evidentiary hearing[1] and Warren's § 2255 motion will be **DENIED**.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On July 6, 2015, Petitioner Kevin Joel Warren was charged with knowing possession of child pornography. [Crim. Doc. 1]. Pursuant to a written plea agreement [Crim. Doc. 6], Petitioner pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The plea agreement recited that the maximum term of

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

imprisonment was 10 years, followed by a term of supervised release of at least 5 years and up to life. [*Id.* at 1].

In support of his plea, Petitioner stipulated to the following:

- In June 2014, an agent of the Tennessee Bureau of Investigation identified a computer using the ARES person-to-person file sharing network at a specific IP address that had 105 files suspected of containing child pornography. [*Id.* at 2].
- The agent downloaded child pornography that was stored and offered through file-to-file sharing from the same IP address.
- The IP address belonged to a specific address in Shelbyville, Tennessee.
- On July 17, 2014, TBI agents executed a search warrant at the address associated with the IP address, which was Warren's residence, and discovered numerous images of child pornography on Warren's computer.
- Warren admitted to downloading images of child pornography.

[Crim. Doc. 6 at 2].

In the plea agreement, Petitioner agreed not to file any motions pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack his conviction or sentence, with two exceptions: he retained the right to file a § 2255 motion as to ineffective assistance of counsel and prosecutorial misconduct. [*Id.* at 7]. Similarly, Petitioner waived his right to appeal, except as to a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. [*Id.*].

The Court's Probation Office prepared a Presentence Investigation Report which, as revised, calculated Petitioner's base offense level at 18. [Crim. Doc. 18 at ¶ 12]. The PSR calculation added 15 points for special offense characteristics, including two points

2

because "[t]he defendant used a peer to peer file sharing program which constitutes distribution" pursuant to U.S.S.G. §2G2.2(b)(3)(F). [*Id.* at ¶ 14]; *see* United States Sentencing Commission, Guidelines Manual, U.S.S.G. §2G2.2(b)(3)(F) (Nov. 2015). Petitioner's adjusted offense level was 33, less three points for acceptance of responsibility. [*Id.* at ¶¶ 23-25]. Based on an offense level of 30 and a category two criminal history, Petitioner's guideline imprisonment range was 108 to 135 months. [*Id.* at ¶ 46]. Because the statutory maximum sentence is 120 months, his effective guideline range was 108 to 120 months. [*Id.*]. Petitioner's counsel did not object to the PSR, but moved for a sentencing variance below the guideline range. [Crim. Doc. 31]. The motion was based on Petitioner's seizure disorder, related medical and psychological difficulties, and their relationship to the onset of criminal behavior. The Court adopted the PSR without change [Crim. Doc. 35] and imposed a sentence of 108 months' imprisonment, followed by ten years of supervised release. [Crim. Doc. 34].

Petitioner did not appeal. On October 10, 2017, he filed a timely Motion to Vacate.[2] Petitioner raises four grounds for appeal, each based on his contention that he should not have received a two-point sentencing enhancement for distribution of child pornography under U.S.S.G. § 2G2.2(b)(3)F. Petitioner argues (1) his counsel was ineffective for failing to challenge the enhancement, (2) the Court improperly applied the sentencing guidelines, (3) the United States Attorney's Office is responsible for the enhancement,

---

[2] The Motion was docketed on October 16, 2017, but signed on October 10, 2017. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (§ 2255 motion deemed filed when presented to prison authorities). Petitioner was sentenced on September 26, 2016, and judgment entered on September 28, 2016. "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal is filed." *Id.*; *see* Fed. R. App. P. 4(b)(1)(A) (providing fourteen days for direct appeal).

3

constituting prosecutorial misconduct, and (4) a subsequent amendment to the guidelines makes Petitioner eligible for a sentence reduction.

## II. LEGAL STANDARDS

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner's first ground for relief is ineffective assistance of counsel. His supporting facts are as follows:

> Counsel failed to object to the addition/ inclusion of an enhancement for distribution of child pornography (USSG § 2G2.2(b)(3)(F)) when Petitioner was not charged with distribution, nor was distribution ever alleged in the relevant facts/ conduct.

[Doc. 1 at 4].

To establish that he has received ineffective assistance of counsel, a convicted defendant must satisfy the two-pronged test set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* holds that a petitioner cannot establish his counsel was ineffective unless he demonstrates that (1) counsel's performance was deficient, such that counsel did not render reasonably effective

assistance as measured by prevailing professional norms; and (2) he was prejudiced by the deficiency, *i.e.*, there is a reasonable probability that but for counsel's alleged acts or omissions, the results of the proceedings would have been different. *Id.* at 687-88, 694; *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims). The failure to satisfy either prong of *Strickland* requires dismissal of the claim and relieves the reviewing court of a duty to consider the other prong. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009); *see also Strickland*, 466 U.S. at 697. Finally, *Strickland* "requires the defendant to identify specific acts or omissions by counsel that were 'outside the wide range of professionally competent assistance.'" *Carter v. Bogan*, 900 F.3d 754 (6th Cir. 2018) (*quoting Strickland*, 466 U.S. at 690).

Petitioner has not made the showing required by *Strickland*. He claims his counsel was ineffective for failing to object to the enhancement for distribution of child pornography "when Petitioner was not charged with distribution, nor was distribution ever alleged in the relevant facts/ conduct." [Doc. 1 at 4]. To clarify, distribution was alleged in the PSR. The PSR indicates that the TBI began investigating "ARES peer to peer file sharing program at a specific IP address." [Doc. 28 at ¶ 5]. According to the PSR, Petitioner told TBI agents he thought he had turned off the file sharing ability on his computer and admitted that he had memory issues from a seizure disorder. [*Id.* at ¶ 6].

As the United States points out, at the time of Defendant's conviction, use of a peer to peer file sharing program was sufficient to support an enhancement for distribution under U.S.S.G. § 2G2.2(b)(3)(F). *United States v. Abbring*, 788 F.3d 565 (6th Cir. 2015). The defendant in *Abbring* was charged with receiving child pornography. Like Petitioner, he downloaded child pornography using the peer-to-peer file sharing program Ares. *Id.* at *566. At sentencing, the district court concluded he had distributed child pornography

5

by using Ares. *Id.* This triggered a two-level enhancement under § 2G2.2(b)(3)(F). On appeal, the defendant argued the court had misapplied the Guidelines because his conduct did not rise to the level of distribution. *Id.* at 567.

The United States Court of Appeals for the Sixth Circuit rejected the defendant's contention that his use of Ares was insufficient to support the distribution enhancement. The court explained: "Time after time, we have applied the catchall two-level enhancement to distribution through such file-sharing software." *Id.* The defendant in *Abbring* had "tried to prevent" file sharing through Ares by interrupting active downloads, since he could not disable the automatic file-sharing component of the program during downloading. *Id.* "As for Abbring's intent, it makes no difference to whether he planned to engage in 'distribution' under the guidelines; all that matters is the knowing sharing of the files." *Id.* at 567-68.

Petitioner does not challenge any of the factual allegations in the PSR. He does not reiterate his statement to law enforcement that he thought the file-sharing component of Ares was turned off. His only contention is that he was not charged with distribution and distribution was not alleged. But distribution was alleged in the PSR, and he acknowledged in his plea agreement that his sentence would be determined "by the Court after it receives the presentence investigation report" and would be "based on the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines...." [Doc. 6 at 3]. At the time of his sentence, Sixth Circuit precedent clearly permitted a two-level enhancement for distribution through a file sharing program. Petitioner is simply mistaken that his conduct did not satisfy the standard at the time. Accordingly, Petitioner's counsel was not ineffective for failing to raise this argument. *See Sutton v Bell*, 645 F.3d 752, 755 (6th Cir. 2011) ("Given the

6

prejudice requirement, 'counsel cannot be ineffective for failure to raise an issue that lacks merit.'" (*quoting Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

## B. Application of Sentencing Guidelines

Warren's challenge to the Court's application of a distribution enhancement fails because "a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations." *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018); *Bullard v. United States*, 937 F.3d 654, 660 (6th Cir. 2019) ("A misapplication-of-an-advisory-guidelines-range claim is not cognizable under § 2255." (cleaned up)). Petitioner contends he received a two-point enhancement for distribution of child pornography "when no distribution was ever alleged, much less proven." [Doc. 1 at 5]. As explained above, the enhancement was justified under the law of the Sixth Circuit at the time of Petitioner's sentencing. Moreover, if the two-point enhancement were removed, Petitioner's sentence would still be within the guideline range: with an offense level of 28 and a category two criminal history, his guideline range would have been 87-108 months. *See* U.S.S.G. Sentencing Table (Nov. 2015).

Section 2255 authorizes post-conviction relief only when a sentence "was imposed in violation of the Constitution or laws of the United States, or… the court was without jurisdiction to impose such sentence, or… the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…." 28 U.S.C. § 2255(a). As the Sixth Circuit has explained, "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involved a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider*, 908 F.3d at 191 (*quoting Davis v. United States*, 417 U.S. 333, 346 (1974)). Petitioner's sentence was below the statutory maximum and within the range recommended by the United States

7

Sentencing Guidelines, with or without the two-point enhancement. He does not allege he is actually innocent of the offense of conviction. Even were the enhancement improper, it cannot plausibly be characterized as a fundamental defect. *Id.* at 191.

In addition, Petitioner waived the right to collaterally attack his conviction and sentence except as to prosecutorial misconduct or ineffective assistance of counsel. The United States Court of Appeals for the Sixth Circuit has consistently held that plea agreement waivers of § 2255 rights are enforceable. *See Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). "[I]t is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *Cox*, 695 F. App'x at 853 (*quoting United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)) (internal quotation marks omitted). To the extent Petitioner raises this issue separately from his ineffective assistance of counsel claim, he has waived it. Finally, Petitioner's claim is procedurally defaulted because he failed to raise it on appeal and has not shown cause or prejudice to excuse the default.

### C. Prosecutorial Misconduct

Petitioner next argues that the "U.S. Attorney's Office allowed (if not caused) enhancement for Distribution of Child Pornography (USSG § 2G2.2(b)(3)(F)) with no grounds for such." [Doc. 1 at 6]. This is the entirety of Petitioner's argument in this regard. Because it is procedurally defaulted and substantively meritless, this challenge also fails.

A motion to vacate is not a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Claims that could have been raised on direct appeal but were not will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously;

or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758 (6th Cir. 2013). Petitioner does not attempt to make either showing, and as the Court has explained, his ineffective assistance of counsel claim is unavailing. His claim is therefore procedurally defaulted.

Petitioner's prosecutorial misconduct claim also fails because it is no more than a bald assertion without any allegation of wrongdoing. Petitioner bears the burden of establishing an error of constitutional magnitude which had a substantial or injurious effect on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994). And even a *pro se* prisoner seeking § 2255 relief must state his claims with some degree of specificity. Here, Petitioner claims the United States Attorney's Office "caused" a distribution enhancement under § 2G2.2(b)(3)(F), but does not explain this accusation or provide any supporting law or facts. In fact, the enhancement was calculated by the Court's Probation Office in accordance with the law as it existed at the time of sentencing. It is not at all clear what the United States Attorney's Office had to do with the enhancement or what misconduct they are supposed to have committed. Petitioner's claim is wholly without merit.

### D. Subsequent Guidelines Amendment

Finally, Petitioner argues that a subsequent amendment to the United States Sentencing Guidelines makes him eligible for a two-point reduction. After Petitioner was convicted, the Sentencing Commission issued Amendment 801 to clarify the mental state required for the distribution enhancement of U.S.S.G. § 2G2.2(b)(3). Prior to the amendment, there had been a circuit split regarding whether use of peer-to-peer file sharing programs was sufficient to constitute distribution. Noting the circuit split, the Commission sided with courts who had held that the two-level distribution enhancement

9

requires a showing that the defendant knew of the file-sharing properties of the program. United States Sentencing Commission, Guidelines Manual, Supplement to Appendix C, Amendment 801, Reason for Amendment.

First, Petitioner waived his right to collaterally attack his sentence in his written plea agreement. He has not presented any reason why this waiver should not be enforced. He does not attack the validity of his conviction and sentence, but simply argues his sentence should be reduced due to a subsequent change to the Sentencing Guidelines.

His challenge also fails because it raises neither constitutional nor jurisdictional error. Though a subsequent amendment to the Sentencing Guidelines may provide a basis for relief on collateral review,[3] this is not such an amendment. "[C]larifying amendments may be applied retroactively," while substantive amendments to the Guidelines may not. *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007)). "An amendment is clarifying if it 'changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant.'" *Id.* (*quoting United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995)). To determine whether an amendment is clarifying or substantive, courts look to (1) how the Sentencing Commission characterized the amendment; (2) whether the amendment changes the

---

[3] "Nevertheless, if an amendment clarifies a sentencing guideline, rather than substantively changes a guideline, a sentencing court can reduce the sentence by applying the amendment retroactively, even if it is not listed in U.S.S.G. § 1B1.10(c). But again, in such a case the prisoner files a § 2255 motion with the sentencing court." *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, *4 (6th Cir. 2001); *see also Diaz v. United States*, 2017 WL 6569901, *1 (6th Cir. June 23, 2017) ("Where, as here, a defendant did not challenge his sentence on direct appeal, a clarifying amendment may provide the basis for § 2255 relief only if it brings to light a 'complete miscarriage of justice.'" (*quoting Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996)); *United States v. Fowler*, 3:10-cr-145, 2018 WL 834615, *2 n.1 (E.D. Tenn. Feb. 12, 2018) ("And, contrary to the government's position, the Sixth Circuit has held that a defendant may file a § 2255 motion to vacate or correct her sentence in light of 'an amendment [that] clarifies a sentencing guideline, ... even if it is not listed in U.S.S.G. § 1B1.10(d).'" (*quoting Rivera*, 27 F. App'x at 515)).

10

language of the guideline or only the commentary; and (3) whether the amendment resolves an ambiguity in the wording of the guideline. *Id.*

Application of these factors indicates the amendment is substantive. Amendment 801 altered the text of the Guidelines as well as the related commentary. It was explicitly designed to resolve a circuit conflict regarding, *inter alia*, the application of the distribution enhancement to cases involving peer-to-peer file sharing. The amendment also had the significant legal impact of adding a mental state requirement for the distribution enhancement. Though the Sixth Circuit does not appear to have addressed this issue yet, the United States Court of Appeals for the Tenth Circuit has, and it determined the amendment is not retroactive on collateral review. *United States v. Mullins*, 748 F. App'x 795, 800-1 (10th Cir. 2018) (affirming district court denial of § 2255 motion to vacate). The Tenth Circuit found that Amendment 801 "does not retroactively apply because the amendment effected a substantive change in the legal landscape, rather than a mere clarification." Though the Sentencing Commission indicated it was clarifying the requisite mental state for distribution, it also indicated it was "'adopt[ing] an approach not previously specified in the enhancement." *Id.* Because Amendment 801 was substantive, it cannot be applied retroactively on a motion to vacate. And even were the distribution enhancement removed, Petitioner's sentence would still fall within the applicable guideline range. He has therefore failed to allege a fundamental defect or constitutional error and is not entitled to relief.

Finally, Petitioner's fourth ground for relief arguably seeks a sentence reduction under 18 U.S.C. § 3582 rather than § 2255. "[Section] 2255 is the proper mechanism for challenging the defendant's original sentence, while § 3582 is the proper mechanism for seeking a sentence reduction based on subsequent guideline amendments." *Fowler*, 2018

11

WL 834615 at *2 (E.D. Tenn. Feb. 12, 2018) (*citing United States v. Carter*, 500 F.3d 486, 491-92 (6th Cir. 2007)). Though the majority of Petitioner's Motion focuses on his original sentence, his fourth ground relates to a "post-sentencing guideline amendment" and therefore "corresponds in substance to § 3582." *Id.* Section 3582(c)(2) only permits modification of an already-imposed sentence based on a subsequently lowered sentencing range "if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(2). And the Sixth Circuit has held that only those amendments listed in U.S.S.G. § 1b1.10(d) apply retroactively for resentencing purposes. *See United States v. Dullen*, 15 F.3d 68, 71 (6th Cir. 1994) ("U.S.S.G. § 1B1.10(d)... exists precisely for the purpose of identifying those amendments that are intended to be effective retroactively."). Accordingly, to the extent Petitioner seeks a reduction in his sentence pursuant to 18 U.S.C.A. § 3582, his motion will be denied.

## IV.    CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

12

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Petitioner has failed to establish any basis upon which § 2255 relief could be granted, and his § 2255 motion [Case No. 4:15-cr-10, Crim. Doc. 39; Case No. 4:17-cv-60, Doc. 1] will be **DENIED**. A certificate of appealability from the denial of his § 2255 motion will be **DENIED**. A separate judgment will enter.

**SO ORDERED** this 21st day of September, 2020.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE